IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| NU-YOU TECHNOLOGIES, LLC | § | |
| | § | |
| *Plaintiff* | § | |
| | § | |
| | § | |
| v. | § | CASE NO. 3:15-cv-3432 |
| | § | JURY DEMAND |
| BEE SALES COMPANY | § | |
| | § | |
| | § | |
| *Defendant.* | § | |

---

**PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT
AGAINST DEFENDANT BEE SALES COMPANY AND BRIEF IN SUPPORT**

---

## TABLE OF CONTENTS

I.   INTRODUCTION AND BACKGROUND ............................................................................... 1

II.  PREVIOUS COMMUNICATIONS WITH BEE SALES .................................................. 4

III. MOTION FOR DEFAULT JUDGMENT............................................................................. 4

   A.   Legal Standard.......................................................................................................... 4

   B.   Nu-You Has Made a Prima Facie Showing of Jurisdiction ............................... 5

   C.   Nu-You Has Pleaded Its Infringement Claims Against Bee Sales in a Manner that Satisfies Fed. R. Civ. P. 8......................................................................................... 6

     1.   Direct Infringement ............................................................................................. 6

     2.   Indirect Infringement........................................................................................... 8

       a.   Induced Infringement .................................................................................. 8

       b.   Contributory Infringement......................................................................... 8

   D.   The Discretionary Factors All Weigh in Favor of Granting a Default Judgment ............ 9

     1.   Issues of Material Fact ........................................................................................ 9

     2.   Substantial Prejudice or Harshness of Default Judgment ............................... 10

     3.   Grounds for Default Clearly Established ...................................................... 10

     4.   Good Faith Mistake or Excusable Neglect...................................................... 11

     5.   The Court Would Not Feel Obligated to Set Aside the Default................................... 11

IV.  CONCLUSION ....................................................................................................... 13

# TABLE OF AUTHORITIES

## Cases

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ................................................................. 8

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) ........................................... 8

*Ceiva Logic Inc. v. Frame Media Inc.*, No. SACV 08-00636-JVS (RNBx), 2014 U.S. Dist. LEXIS 176328 (C.D. Cal. 2014) ........................................................................ 13

*Eisenhour v. Stafford*, No. 9:12-CV-62, 2013 U.S. Dist. LEXIS 168905 (E.D. Tex. Oct. 17, 2013) ................................................................................................. 4, 9, 10, 11

*In re Bill of Lading Transmission & Processing Sys. Patent Litig.*, 681 F.3d 1323 (Fed. Cir. 2012) ................................................................................................. 6, 9

*Jones v. Lockhart, Morris & Montgomery, Inc.*, No. 1:11-CV-373, 2012 U.S. Dist. LEXIS 63293 (E.D. Tex. Feb. 2, 2012) ................................................................. 5, 10

*Katz v. Lear Siegler Inc.*, No. 91-1094, 1993 U.S. App. LEXIS 17507 (Fed. Cir. July 12, 1993) 6

*Lacy v. Sitel Corp.*, 227 F.3d 290 (5th Cir. 2000) ................................................ 11

*Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998) ................................... 5

*Lone Star Document Mgmt., LLC v. Atalasoft, Inc.*, No. 2:11-CV-00319-JRG, 2012 U.S. Dist. LEXIS 129979 (E.D. Tex. Sept. 11, 2012) ............................................... 7, 8

*Morris & Montgomery, Inc.*, No. 1:11-CV-373, 2012 U.S. Dist. LEXIS 63293 (E.D. Tex. Feb. 2, 2012) ................................................................................................. 5, 10

*Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200 (5th Cir. 1975) .......................... 5

*Richmond v. SW Closeouts, Inc.*, No. 3:14-cv-4298-K, 2015 U.S. Dist. LEXIS 90442 (N.D. Tex. June 17, 2015) ........................................................................................... 5

*Wright v. E-Systems, LLC et al.*, 2014 WL5770426 (N.D.Tx. 2014) ......................... 12

## Statutes

28 U.S.C. § 1338 ................................................................................................. 5

28 U.S.C. § 1391 ................................................................................................. 6

28 U.S.C. § 1400 ................................................................................................. 6

28 U.S.C. § 1331 ................................................................................................. 5

35 U.S.C. §285 ............................................................................................ 12, 13

Tex. Civ. Prac. & Rem. Code § 17.042 ............................................................. 10

## Rules

Fed. R. Civ. P. 12 ............................................................................................... 11

Fed. R. Civ. P. 55 .......................................................................................... 4, 11

Fed. R. Civ. P. 8 ............................................................................................. 8, 9

Fed. R. Civ. P. 84 ............................................................................................... 6

## I.      INTRODUCTION AND BACKGROUND

Plaintiff Nu-You Technologies, LLC ("Plaintiff" or "Nu-You") respectfully asks the Court to enter a default judgment against Defendant Bee Sales Company ("Bee Sales"). Bee Sales was served with Nu-You's Complaint over a month ago and has failed to file a responsive pleading to the Complaint.

Plaintiff's complaint alleged infringement of U.S. Patent No. 7,198,050 ("the '050 Patent"). (Dkt. 1). The '050 Patent describes a method of styling hair by using a handheld device that is especially adapted to create clumps of hair commonly referred to as "twists" or "dreads." According to claim 1 of the '050 patent, the device comprises a pliable member having a substantially smooth bottom surface into which are disposed a plurality of spaced-apart bores. *Id.* A styling liquid is applied to the pliable member or hair prior to its first use, and then the device is repeatedly pulled across the hair such that the spaced-apart bores create clumps of hair to be formed at substantially regular intervals. *Id.*

The Nudred hair styling device was created by the inventors to practice the methods described in the '050 patent. Ex. 1, ¶ 1 (Boyd Dec.). Before the Nudred was created, no suitable product was available that could be used to style hair in the manner described in the patent. *Id.* The Nudred was demonstrated for the first time at a beauty show in Atlanta, Georgia. *Id.* It was a success and Nu-You receiving new orders from across the United States. *Id.*

The success of the Nudred was closely followed by a flood of unauthorized knock-offs. *Id.* at ¶ 2. Like the Nudred, the knock-offs are designed for the express purpose of creating dreads or twists by the method described in the patent. The knock-off created by Bee Sales was marketed as the Black Ice Magic Twist. The following figure compares the Nudred with a Black Ice Magic Twist that was recently purchased at a beauty supply store in Dallas, Texas. *Id.* at ¶ 4.

1

| Figure 1 | |
|---|---|
| Plaintiff's Nudred Product | Example of Accused Product |
|  | |

The instructions on the back of the Black Ice Magic Twist package encourage purchasers to use it to practice the claims of the '050 Patent. These instructions include applying a gel to the hair and using the device in a circular motion to create "perfectly formed twists."

| Figure 2 |
| --- |



## II.     PREVIOUS COMMUNICATIONS WITH BEE SALES

On March 6, 2015, Nu-You sent a cease-and-desist letter to Bee Sales with a copy of the '050 Patent. Ex. 2 (Cease-and-Desist Letter). Aaron Kim, a representative of Bee Sales, responded by email on March 31, 2015. Ex. 3 (Kim Email). In the email, Mr. Kim admitted that an individual named Jerl Leary had "brought your product to our attention" with the plan of creating a knock-off under the "Black Ice brand" the two had jointly developed. *Id.*

Nu-You discussed several licensing proposals with Mr. Kim, but negotiations stalled and Nu-You ultimately declined to license the patent to Bee Sales. The lack of a license did not, however, dissuade Bee Sales from continuing its infringing activities. The product shown in Figures 1 and 2, for example, was purchased at Jenny Beauty Supply store in Dallas, Texas in August, 2015. Ex. 1 (Boyd Dec). The strategy of creating knock-offs has apparently been quite successful for Bee Sales as its estimated revenue is approximately $75 million per year. Ex. 4 (Website Showing Revenue).

## III.     MOTION FOR DEFAULT JUDGMENT

### A.  Legal Standard

Under Fed. R. Civ. P. 55, entry of default is a two-step process:  (1) the entry of default and (2) the subsequent entry of a default judgment. *Eisenhour v. Stafford*, No. 9:12-CV-62, 2013 U.S. Dist. LEXIS 168905, at *4 (E.D. Tex. Oct. 17, 2013) (internal citations omitted). After the Clerk enters default, the plaintiff must apply to the Court for a default judgment where, as here, the amount of damages "is not certain and cannot be made certain." *Id.*, at *5. The Court may then conduct a hearing to determine, among other things, the amount of damages. *Id.*; Fed. R. Civ. P. 55(b)(2).

4

"Entry of a default judgment is completely within the Court's discretion." *Jones v. Lockhart, Morris & Montgomery, Inc.*, No. 1:11-CV-373, 2012 U.S. Dist. LEXIS 63293, at *6 (E.D. Tex. Feb. 2, 2012) (internal citation omitted). Factors that courts in the Fifth Circuit use in considering whether to enter a default judgement include:

> [W]hether material issues of fact are at issue, whether there has been substantial prejudice, whether the grounds for default are clearly established, whether the default was caused by a good faith mistake or excusable neglect, the harshness of a default judgment, and whether the court would think itself obliged to set aside the default on the defendant's motion.

*Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998) (internal citation omitted).  Further, "[a] default judgment is unassailable on the merits but only so far as it is supported by *well-pleaded* allegations, assumed to be true." *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975) (internal citation omitted). Thus, where a defendant has not answered or otherwise defended and a default has been entered against said defendant, the request for default judgment "is contingent on whether [the plaintiff] made a *prima facie* showing of jurisdiction and pleaded his patent infringement claims against the defaulting Defendant[] in a manner that satisfies Rule 8." *Richmond v. SW Closeouts, Inc.*, No. 3:14-cv-4298-K, 2015 U.S. Dist. LEXIS 90442, at *4 (N.D. Tex. June 17, 2015).

### B. Nu-You Has Made a Prima Facie Showing of Jurisdiction

Nu-You has made the requisite prima facie showing of personal and subject matter jurisdiction. This Court has subject matter jurisdiction over this lawsuit pursuant to 28 U.S.C. §§ 1331 and 1338(a) because this is a patent infringement action. *See* Original Complaint, ¶ 4 (Dkt. 1). Nu-You has also made a prima facie showing of personal jurisdiction over Bee Sales by alleging that it, among other things, conducts business in Texas and this District; ships, distributes, offers for sale, sells, and advertises its products in Texas and this District (either directly or through

intermediaries); purposely and voluntarily has placed infringing products in the stream of commerce with the expectation that they will be purchased by end users in this District; and has committed the tort of patent infringement in this District. Dkt. 1, ¶ 6. Finally, venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) and 1400, *see* Dkt. 1, ¶ 6, and, in any event, a challenge to "venue is waived by a defendant who defaults." *Katz v. Lear Siegler Inc.*, No. 91-1094, 1993 U.S. App. LEXIS 17507, at *21 (Fed. Cir. July 12, 1993) (internal quotation marks and citation omitted).

### C. Nu-You Has Pleaded Its Infringement Claims Against Bee Sales in a Manner that Satisfies Fed. R. Civ. P. 8

On its face, Nu-You's Original Complaint shows its right to relief against Bee Sales for both direct and indirect patent infringement.

#### 1. Direct Infringement

The requirements for pleading direct infringement changed shortly after this case was filed on October 22, 2015. On December 1, 2015, the Supreme Court adopted changes to the Federal Rules of Civil Procedure that abrogated Form 18 of the Appendix of Forms. *See* Fed. R. Civ. P. 84 (abrogated on December 1, 2015).

Nu-You's pleadings are sufficient under either standard. An allegation of direct infringement made before December 1, 2015 was considered well-pleaded if it met the requirements of Form 18. *See In re Bill of Lading Transmission & Processing Sys. Patent Litig.*, 681 F.3d 1323, 1334 (Fed. Cir. 2012). Form 18 requires:

> (1) an allegation of jurisdiction; (2) a statement that the plaintiff owns the patent; (3) a statement that defendant has been infringing the patent 'by making, selling, and using [the device] embodying the patent'; (4) a statement that the plaintiff has given the defendant notice of its infringement; and (5) a demand for an injunction and damages.

*Id.* (internal citation omitted).

6

Nu-You's Original Complaint satisfies all of these requirements.  It alleges jurisdiction in ¶¶ 4-6 and alleges ownership of the patent in ¶ 7. *Id.* Nu-You further alleges that Bee Sales' infringing acts have included the manufacture, use, sale, importation, and/or offer for sale of the Accused Products. Nu-You further alleged that "By using, testing and/or otherwise demonstrating the Accused Product, in the United States, including using the Accused Product to practice the patented method by Bee Sales, its agents, or its partners on youtube.com and trade shows for the beauty supply industry, Bee Sales has directly infringed one or more of Claims 1, 2, 3, 5, 9, 10, and 15 of the '050 Patent.

Nu-You meets the fourth requirement, notice of infringement, because Bee Sales received notice from the letter it received dated March 6, 2015. Dkt. 1, ¶ 16. It also received notice of infringement when it was served with the Complaint. *See Lone Star Document Mgmt., LLC v. Atalasoft, Inc.,* No. 2:11-CV-00319-JRG, 2012 U.S. Dist. LEXIS 129979, at *9 (E.D. Tex. Sept. 11, 2012). Finally, Nu-You meets the fifth requirement by demanding relief on page 8 of its Original Complaint.  *See id.*

Nu-You went beyond what was required by Form 18 in an effort to comply with the heightened pleading standards that were to take effect on December 1, 2015. Nu-You identified the accused product in the Complaint as the Black Ice Magic Twist. *Id.* at ¶ 10. It further accused Bee Sales of infringing Claims 1, 2, 3, 5, 9, 10, and 15 of the '050 patent by "using, testing and/or otherwise demonstrating" the product to practice the methods described in these claims. *Id.* at ¶ 21. Nu-You further pointed to the instructions on the back of the package as evidence that the product was used to practice these methods. *Id.* at ¶ 11. Accordingly, Nu-You's claim for direct infringement is sufficient under either pleading standard. *Ashcroft v. Iqbal,* 556 U.S. 662, 678

(2009) ("'[T]he complaint need include only enough factual detail to make the asserted claim 'plausible on its face.'") (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

### 2.  Indirect Infringement

#### a.  Induced Infringement

Nu-You's allegations of induced infringement similarly fulfill the requirements of Fed. R. Civ. P. 8.  To plead a claim for induced infringement adequately, a complaint "must contain facts plausibly showing [the defendant] specifically intended [its] customers to infringe the patent and knew the customer's [sic] acts constituted infringement."  *Lone Star Document Mgmt., LLC v. Atalasoft, Inc.*, No. 2:11-CV-00319-JRG, 2012 U.S. Dist. LEXIS 129979, at *7 (E.D. Tex. Sept. 11, 2012) (internal quotation marks and citation omitted). Nu-You meets this requirement by alleging that Bee Sales had pre-suit knowledge of the patents (Dkt. 1, ¶ 13-18) and that it "has purposefully and voluntarily placed infringing products in the stream of commerce with the expectation that its products will be purchased by end users in the Northern District of Texas." [*Id.*, ¶ 5].  Nu-You further alleged that the Black Ice Magic Twist was sold online and in traditional "brick and mortar" retailers such as Jenny Beauty Supply in Dallas, Texas. Dkt. 1, ¶ 17. These allegations, combined with properly pleading direct infringement, have been held by this Court to be sufficient to plead a cause of action for indirect infringement by inducement.  *See Lone Star Document Mgmt., LLC v. Atalasoft, Inc.*, 2012 U.S. Dist. LEXIS 129979, at *9-11 (E.D. Tex. Sept. 11, 2012).

#### b.  Contributory Infringement

Nu-You has also properly pleaded a cause of action for contributory infringement of the '050 Patent.  Contributory infringement occurs

> if a party sells or offers to sell, a material or apparatus for use in
> practicing a patented process, and that material or apparatus is

> material to practicing the invention, has no substantial non-infringing uses, and is known by the party to be especially made or especially adapted for use in an infringement of such patent.

*In re Bill of Lading Transmission & Processing Sys. Patent Litig.*, 681 F.3d 1323, 1337 (Fed. Cir. 2012) (internal quotation marks and citations omitted). Here, Nu-You alleges that the Black Ice Magic Twist products are:

> [E]specially made or adapted for use to infringe the '050 patent, and are not staple articles or commodities of commerce suitable for substantial non-infringing uses. The shape of the Accused Product, size and spacing of the bores, thickness of the pliable member that forms the bottom surface of the Accused Product, and type of material of the pliable member are all evidence that the Accused Product was especially made or adapted to infringe the '050 Patent. A product with these components cannot be used but to infringe the '050 Patent.

Original Complaint, ¶ 22.

Nu-You further alleges that Bee Sales places such products into the stream of commerce with the expectation that the products will be purchased by end users in this District and had knowledge of the patents at issue as discussed above. Thus, Nu-You has adequately pleaded contributory infringement of the '050 patent in accordance with Fed. R. Civ. P. 8.

### D. The Discretionary Factors All Weigh in Favor of Granting a Default Judgment

#### 1. Issues of Material Fact

As shown in the preceding Section, the facts asserted in the Original Complaint are well-pleaded. Thus, Bee Sales, through its failure to answer the complaint, has admitted the well-pleaded allegations and such allegations are thus taken to be true. *See Eisenhour v. Stafford,* No. 9:12-CV-62, 2013 U.S. Dist. LEXIS 168905, at *6 (E.D. Tex. Oct. 17, 2013). A default judgment can be lawfully entered on this basis, *see id.*, at *7, and accordingly there are no genuine issues of material fact that would preclude this Court's entry of default judgment.

### 2.   Substantial Prejudice or Harshness of Default Judgment

Bee Sales has failed to answer or otherwise make any showing that it intends to appear and defend the lawsuit despite being properly served more than two months ago. Nu-You's well-pleaded facts in its Original Complaint, taken as true, establish a meritorious cause of action for patent infringement and its counsel has expended significant financial resources and time in seeking to prosecute this cause of action, to which Bee Sales has not responded. Based on these facts, Nu-You would be substantially prejudiced if default judgment were to be denied. *See generally Eisenhour v. Stafford,* No. 9:12-CV-62, 2013 U.S. Dist. LEXIS 168905, at *7-8 (E.D. Tex. Oct. 17, 2013); *Jones v. Lockhart, Morris & Montgomery, Inc*., No. 1:11-CV-373, 2012 U.S. Dist. LEXIS 63293, at *7-8 (E.D. Tex. Feb. 2, 2012). Additionally, the "dilatoriness and noncompliance" shown by Bee Sales' failure to appear or answer shows that any harshness to Bee Sales  in entering a default judgment is outweighed by the prejudice Nu-You would experience if the Court were to fail to enter a default judgement. *See Eisenhour*, 2013 U.S. Dist. LEXIS 168905, at *7-8; *Jones*, 2012 U.S. Dist. LEXIS 63293, at *8-9.

### 3.   Grounds for Default Clearly Established

As the record clearly shows, Nu-You filed its Complaint against Bee Sales on October 22, 2015. (Dkt. 1). A summons directed to Bee Sales was issued by the Clerk on November 4, 2015. (Dkt. 7). A copy of the Summons and Complaint were forwarded to the Texas Secretary of State pursuant to the Texas Long Arm Statute, Tex. Civ. Prac. & Rem. Code § 17.042. (Dkt. 9).

The Certificate of Service shows that the Summons and Complaint were received by the Texas Secretary of State's office on November 9, 2015 and forwarded to Bee Sales by certified mail on November 13, 2015. (Dkt. 9). The signed return receipt was received by the Texas Secretary of State on November 19, 2015. *Id.*

10

Bee Sales failed to file an answer or other responsive pleading within 21 days of being served. Fed. R. Civ. P. 12(a)(1)(A)(i). On December 29, 2015, upon Nu-You's request, pursuant to Rule 55(a) of the Federal Rules of Civil Procedure, the Clerk of the Court in the Northern District of Texas entered a default against Bee Sales. *See* Clerk's Entry of Default (Dkt 11).

The present Motion seeks a default judgment in accordance with the two-step procedure that the Fifth Circuit uses for entering default judgments. *Eisenhour*, 2013 U.S. Dist. LEXIS 168905, at *4, 8. Thus, the grounds for default are clearly established.

### 4. Good Faith Mistake or Excusable Neglect

Given Bee Sales' complete failure to answer the complaint or appear in any way in this action, there is no evidence that its default was caused by any good faith mistake or excusable neglect. "Willful failure to answer a complaint is a sufficient reason for granting a motion for default judgment." *Eisenhour*, 2013 U.S. Dist. LEXIS 168905, at *9; *Jones*, 2012 U.S. Dist. LEXIS 63293, at *9 (internal citation omitted).

### 5. The Court Would Not Feel Obligated to Set Aside the Default

To determine if good cause is present to set aside a default, the Court should consider: "whether the default was willful, whether setting it aside would prejudice the adversary, and whether a meritorious defense is presented." *Lacy v. Sitel Corp*., 227 F.3d 290, 292 (5th Cir. 2000) (internal quotation marks and citations omitted). Here, given Bee Sales' total lack of any answer, appearance, or attempt to defend the lawsuit at this point, there is no evidence to suggest that the default was not willful or that it has a meritorious defense. Finally, as discussed in the above, Nu-You would suffer substantial prejudice if the default judgment were not granted. Thus, the Court would not feel obligated to set aside the default.

Thus, pursuant to the provisions of Fed. R. Civ. P. 55(b)(2), this Court is empowered to enter a default judgment against Bee Sales, particularly with respect to the injunctive relief sought

and findings related to liability. As for damages, Nu-You requests "judgment as to liability only at this time, with the amount of damages, costs, and attorneys' fees to be determined following discovery." *Wright v. E-Systems, LLC et al.*, 2014 WL5770426, *3 (N.D.Tx. 2014) (Kinkeade, J.).

Plaintiff's Complaint requests the relief of "a permanent injunction against Bee Sales from making, using, selling, or offering for sale in the United States any products, and from undertaking any processes or methods embodying the patented inventions claimed in the '050 Patent" *Id.* at 8.

Nu-You has also alleged facts sufficient to support determination that the infringement is willful and that the present case is exceptional pursuant to 35 U.S.C. §285, justifying an award of reasonable attorney's fees. As stated in the Complaint, Bee Sales acquired a Nudred with the express purpose of creating a knock-off to sell in the United States. Plaintiff's Complaint, ¶ 16 (Dkt. 1). Bee Sales would have seen the patent number marked on the Nudred when it examined the product prior to copying it. *See id.* at ¶13. Alternatively, while it is difficult to imagine a scenario in which Bee Sales did not have actual knowledge of the patent, Bee Sales was at the very least willfully blind to its existence due to its admitted strategy of creating a knock-off version of a novel product that had just been introduced in the market. *Id.* at ¶15.

Nu-You has also asked the Court to award enhanced damages as a result of Bee Sales' willful infringement of the '050 Patent. *Id.* at 8. Nu-You has also asked the Court to declare this to be an "exceptional" case under 35 U.S.C. § 285 and award its costs and attorneys' fees incurred in this action. *Id.* Bee Sales intentionally copied a Nudred that was marked with the patent number. Ex. 3 (Kim Email). Nu-You demanded that Bee Sales stop selling the Black Ice Magic Twist ***more than nine months ago*** on March 6, 2015. Ex. 2 (Cease-and-Desist Letter).

The Black Ice Magic Twist is, however, still being sold both online and at brick-and-mortar retailers such as Jenny Beauty Supply in Dallas, Texas. Ex. 1, ¶ 4 (Boyd Dec.). These facts are

sufficient for the Court to find willful infringement and exceptionality under 35 U.S.C. § 285. *See Ceiva Logic Inc. v. Frame Media Inc.*, No. SACV 08-00636-JVS (RNBx), 2014 U.S. Dist. LEXIS 176328, at *8 (C.D. Cal. 2014) (making both findings in granting a motion for default judgment).

After post-judgment discovery and hearing, Nu-You will ask this Court to determine the amount of recoverable damages, reasonable attorney's fees, and taxable costs.

## IV.     CONCLUSION

For these reasons, Nu-You asks the Court to enter a default judgment against Bee Sales finding that it has infringed the '050 Patent and enjoin Bee Sales, its directors, officers, employees, agents, parents, subsidiaries, affiliates, and anyone else in active concert or participation with it, from taking any other actions that would infringe Nu-You's '050 Patent.

Nu-You further asks this Court to enter a default judgment that the infringement is willful and that this case is exceptional pursuant to 35 U.S.C. §285, justifying an award of reasonable attorney's fees.  Nu-You requests the Court to enter a partial default judgment as to Defendant's liability only at this time, with the amount of damages, costs, and attorneys' fees to be determined following discovery, pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure.

Respectfully submitted,

By: */s/ Steven N. Williams*

**Steven N. Williams**
swilliams@mcdolewilliams.com
TX State Bar No. 21577625
**William Zac Duffy**
zduffy@mcdolewilliams.com
TX State Bar No. 24059697
**Brian P. Herrmann**
bherrmann@mcdolewilliams.com
TX State Bar No. 24083174
**MCDOLE WILLIAMS**
A PROFESSIONAL CORPORATION
1700 Pacific Avenue, Suite 2750
Dallas, Texas 75201
(214) 979-1122 - Telephone
(214) 979-1123 – Facsimile

ATTORNEYS   FOR   PLAINTIFF   NU-YOU
TECHNOLOGIES, LLC